IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARSHA LEWIS, Plaintiff, | MEMORANDUM DECISION AND ORDER |
| vs. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., Defendant. | Case No. 2:20cv257 Judge Dee Benson |

Before the Court is Plaintiff's Motion to Remand to Third District Court. (Dkt. 5.) The motion has been fully briefed by the parties, and the Court has considered the facts and arguments set forth in those filings. Pursuant to Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## **BACKGROUND**

Plaintiff filed this action against her auto insurance company, Defendant American Family Insurance, after it failed to pay no-fault benefits to Plaintiff following a car accident.

1

Plaintiff filed the initial complaint, in state court, on April 17, 2019.

Plaintiff's complaint alleged, pursuant to Rule 26 of the Utah Rules of Civil Procedure, that it was a "Tier 3" case "because the claims in the Complaint seek monetary relief over $300,000." (Dkt. 2-2, Compl. ¶5.)

Plaintiff's complaint set forth the following causes of action:

1. Breach of Contract – PIP Coverage, arguing Defendant breached its PIP No-Fault coverage contractual obligations by refusing to pay Plaintiff's lost wages past the first 12 weeks and household services at all;

2. Breach of the Implied Covenant of Good Faith and Fair Dealing, and

3. Emotional Distress.

(*Id.* at 3-5.)

Plaintiff's Prayer for Relief requests the following:

1. expectation damages arising from PIP coverage benefits;
2. emotional distress damages;
3. prejudgment interest;
4. interest on the unpaid PIP benefits in accord with Utah Code § 31A-22-309;
5. attorneys fees generally;
6. attorney fees in accord with Utah Code § 31A-32-39;
7. costs; and
8. further relief as deemed equitable.[1]

(*Id.* at 6.)

After Plaintiff filed her initial complaint, Defendant denied Plaintiff's claim for under-insured motorist (UIM) benefits. As a consequence, Plaintiff requested and was granted permission, in state court, to amend her complaint to add a cause of action to recover the UIM

---

[1] At first glance, Plaintiff's Prayer for Relief appears to lists 9 items. It actually sets forth only 8. Plaintiff omitted the number 7. (Dkt. 2-2, Compl. at 5-6.)

benefits.

On March 23, 2020, nearly a year after filing the original complaint, Plaintiff filed her Amended Complaint.  With the exception of the new UIM cause of action – claiming Defendant was obligated to cover Plaintiff's underinsured damages up to the policy limits of $25,000 – the Amended Complaint is identical to the initial complaint.  (Dkt. 2-4, Am. Compl., ¶¶ 27-32.)

Like the original complaint, the Amended Complaint alleges that this is a "Tier 3" case "because the claims ... seek monetary relief over $300,000."  (Dkt. 2-4, Am. Compl., ¶5.)

The Amended Complaint sets forth the following causes of action:

1. Breach of Contract – PIP Coverage;
2. Breach of Contract – UIM Coverage;
3. Breach of the Implied Covenant of Good Faith and Fair Dealing; and
4. Emotional Distress.

(*Id.* at 4-6.)

Likewise, the Amended Complaint's Prayer for Relief is identical to the original complaint except that it also requests UIM coverage benefits.

WHEREFORE, Plaintiff prays for relief as follows:
1. expectation damages arising from PIP *and UIM* coverage benefits;
2. emotional distress damages;
3. prejudgment interest;
4. interest on the unpaid PIP benefits consistent with Utah Code § 31A-22-309;
5. attorneys fees generally;
6. attorney fees in accord with Utah Code § 31A-32-39;
7. costs; and
8. further relief as deemed equitable.[2]

(*Id.* at 7, ¶1 (emphasis added).)

---

[2] The Amended Complaint's Prayer for Relief also omits the number 7.  (Dkt. 2-4, Am. Compl. at 7.)

Defendant did not seek to remove Plaintiff's initial complaint.  However, after Plaintiff filed the Amended Complaint on March 23, 2020, Defendant filed a Notice of Removal to Federal Court.  (Dkt. 2, Notice of Removal, dated April 17, 2020.)

In the Notice, Defendant asserts that removal is proper because "[t]he Amended Complaint increased the claimed damages, so that the Court has jurisdiction under 28 U.S.C. § 1332."  (Dkt. 2, Notice of Removal ¶ 5.)

The Notice of Removal also states, in pertinent part:

> The amount in controversy exceeds $75,000.  Plaintiff alleged that this is a tier 3 complaint.  Under Utah Rule of Civil Procedure 26(c)(3), a tier 3 suit is an "action claiming $300,000 or more in damages."

(*Id.,* ¶6.)

As for the timing of the removal, the Notice states: "This notice is timely filed within 30 days following filing and service of the Amended Complaint" in accord with 28 U.S.C. § 1446(b)(3).  (*Id.*, ¶ 10.)

On May 5, 2020, Plaintiff filed the present motion, seeking to remand the case to state court. (Dkt. 5.)  Plaintiff argues that remand is appropriate because Defendant's Notice of Removal was untimely.

## **DISCUSSION**

Defendant claims that the removal of this action was proper and timely filed in accord with 28 U.S.C. § 1446(b)(3).  That subsection provides:

> Except as provided in subsection (c), *if the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

4

motion, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). As stated plainly in the statute, subsection (b)(3) applies only if the initial pleading was not removable. In other words, the timeliness of Defendant's Notice of Removal depends on whether Plaintiff's initial complaint was removable.

Defendant's Notice of Removal asserts that removal is proper under 28 U.S.C. § 1332, based on diversity of citizenship and because the amount in controversy, as alleged in the Amended Complaint, "now exceeds $75,000. (Dkt. 2, Notice of Removal.) To support this claim, Defendant, refers to paragraph 5 of the Amended Complaint and states: "Plaintiff alleged this is a tier 3 complaint. Under Utah Rule of Civil Procedure 26(c)(3), a tier 3 suit is an 'action claiming $300,000 or more in damages.'" (Dkt. 2, Notice of Removal, ¶6.)

While Defendant's statement regarding paragraph 5 of the Amended Complaint is accurate – it claims $300,000 or more in damages – it is identical to paragraph 5 of the initial complaint. (*Compare* Dkt. 2-2, ¶5 *with* Dkt. 2-4, ¶5.) Thus, according to Defendant's own argument, Plaintiff's initial complaint, which also claimed "$300,000 or more in damages," was removable. Moreover, with regard to the specific list of potential damages identified in paragraph 7 of the Notice, with the sole exception of the request for up to $25,000 in UIM damages, all of the items listed were also included in Plaintiff's initial complaint.

Based on the foregoing, the Court finds that Plaintiff's initial complaint was removable, and therefore § 1446(b)(3) does not apply. Instead, Defendant was obligated to comply with the

general requirements set forth in § 1446(b)(1).[3]  When evaluated against the applicable standard set forth in § 1446(b)(1), Defendant's Notice of Removal was untimely.

## CONCLUSION

Having concluded that Plaintiff's initial complaint was removable, Defendant's Notice of Removal was untimely.  Accordingly, Plaintiff's Motion to Remand to Third District Court is GRANTED.

It is hereby ORDERED that this case be REMANDED.

DATED this 9th day of June, 2020.

_____
Dee Benson
United States District Judge

---

[3] Section 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).